J. Casablanca, S. en C., y Rivera, Demandantes y Apelantes, *v.* The Palatine Insurance Co., Limited, Demandada y Apelada.

Apelaciones procedentes de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

Nos. 2827 y 2826.—Resueltos en enero 24, 1924.

Cobro de Póliza—Demanda Prematura—Seguros contra Incendio—Prueba del Valor de la Propiedad Destruída.—Ni la valoración de la propiedad ni la fijación de un límite máximo de responsabilidad en una póliza de seguro contra incendio pueden tomarse como la fijación del importe que ha de pagar la compañía, aún en el caso de una pérdida total, y generalmente la responsabilidad de la compañía depende del montante de la pérdida y se determina después que ésta ha ocurrido mediante informes y comprobantes suministrados por el asegurado.

Los hechos están expresados en la opinión.

Abogado de las apelantes: *Sr. A. A. Vázquez.*

Abogado de la apelada: *Sr. M. Gaetán Barbosa.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En cada uno de estos casos la demandante establece la apelación contra una sentencia que declara sin lugar la demanda, e insiste en que la corte inferior incurrió en error en la apreciación de la prueba.

En ambos casos la compañía demandada alegó no haberse cumplido con el artículo 10 de la póliza, el cual es como sigue:

"Artículo 10.—Inmediatamente que se declare un siniestro que

cause daños o pérdidas en los objetos asegurados por la presente póliza, el asegurado tiene obligación de participarlo a la compañía por escrito, y de entregarle, a más tardar, dentro de los quince días siguientes al del siniestro, o en cualquier otro plazo que la compañía le hubiera especialmente concedido por escrito, los documentos siguientes, a saber:

"(a) Un estado de las pérdidas y daños causados por el siniestro, indicando del modo más detallado y exacto que sea posible, los varios objetos destruídos o averiados y el importe de la pérdida correspondiente, teniendo en cuenta el valor de dichos objetos en el momento del siniestro, sin comprender ganancia alguna.

"(b) Una relación detallada de todos los demás seguros que pudieran existir sobre los mismos objetos.

"El asegurado viene igualmente obligado, en cualquier tiempo, a procurarse a su costa y a entregar o poner de manifiesto a la Compañía todos los detalles, planos, proyectos, libros, recibos, facturas, copias o duplicados de facturas, documentos justificativos, actas y cualesquiera informes que la compañía, directamente o por mediación de sus representantes esté equitativamente en derecho de exigirle con referencia a la reclamación y al origen y a la causa del incendio y a las circunstancias bajo las cuales las pérdidas o daños se han producido, o relacionados con la responsabilidad de la Compañía o con el importe de la indemnización debida por ésta.

"Asimismo, el asegurado viene obligado a certificar la exactitud de su reclamación y de cuantos extremos estén consignados en la misma, mediante una declaración hecha, sea bajo juramento o en cualquier otra forma legal.

"Si el asegurado no cumpliera lo dispuesto en el presente artículo, quedaría privado de todo derecho a indemnización en virtud de la presente póliza."

En ambos casos los libros fueron destruídos por fuego.

En el caso 2826 el árbitro tasador (*adjuster*) escribió a la demandante en los siguientes términos:

"Apreciada Señora: Refiriéndome a las conversaciones que tuvo el que suscribe con su señor esposo la semana pasada con relación a cierta reclamación por incendio que ha presentado Ud. contra la Compañía Palatine bajo póliza No. 3,123,574, repito por la presente que debido al hecho de haberse quemado, según sus informes, todos los libros y demás comprobantes que podrían justificar el va-

lor de los bienes asegurados el día del incendio, es necesario que me suministre Ud. a la mayor brevedad posible lo siguiente:

"1.—Extractos certificados de su cuenta con todas las casas donde se surtían Uds. de existencias durante el último año antes del incendio.

"2.—Relación completa de todo el equipo y mobiliario que tenían Uds. en el local destruído.

"3.—Certificados de patente municipal, contribuciones de ingresos y de propiedad y de Rentas Internas.

"4.—Declaración jurada con respecto al promedio de sus ventas diarias y el beneficio obtenido en las mismas.

"Al recibo de estos documentos trataré en lo posible de reconstruir los datos que de otro modo hubieran suplido sus libros con respecto al valor de la propiedad destruída, y en espera de sus gratas noticias, quedo, etc."

A esta comunicación la demandante no contestó, pero radicó su demanda.

En el No. 2827 una carta semejante dice lo siguiente:

"Muy señores m/ y amigos: Refiriéndome a las conversaciones que tuve con Uds. la semana pasada, durante mi visita a esa con relación a las pérdidas por incendio que reclaman Uds. a la Palatine Insurance Co. bajo póliza No. 3,123,573, les repito aquí lo que ya les indiqué verbalmente con respecto a los documentos necesarios para poder atender a tal reclamación, y los cuales consisten en lo siguiente:

"1.—Copias certificadas y juradas de las facturas pasadas a Uds. por los vendedores de la máquina 'Champion,' del motor de gasolina, de las dos máquinas 'Singer,' de la máquina de picar, de la máquina de escribir 'Oliver,' de la vitrina, del mostrador, del aparador, del medidor, de las sillas y demás equipos de su establecimiento.

"2.—Extractos certificados y jurados de sus cuentas con todas las casas a las cuales compró Ud. zapatos, pieles, hormas, suelas, tacos de goma y los demás artículos que se hallaban en su establecimiento el día del incendio.

"3.—Montante aproximado del promedio de sus ventas diarias.

"4.—Certificados de contribuciones municipales, patentes, contribuciones de ingresos y de propiedad con respecto a los bienes de Ud.

"Como ya les indiqué verbalmente, debido a la ausencia absoluta de libros y otros comprobantes que pudiesen atestiguar el valor de sus existencias y el equipo cuando el incendio, es absolutamente imprescindible reconstruir esos datos en la forma arriba indicada, pues de lo contrario la ley no permitiría a ninguna compañía aseguradora darle curso a una reclamación.

"Es en el interés de Udes. mismos activar el suministro de estos datos todo lo más posible, y al recibo de los mismos no perderé tiempo en revisarlos y comunicarme con Uds. con respecto al resultado de tal examen."

A la carta anterior, la demandante contestó como sigue:

"Muy señores míos: Según su carta todas las facturas y estados de cuenta deben ser juradas ante Notario, esto me parece muy costoso y dificultoso, por lo que me permito decirle que tenga la bondad de explicarme qué alcance tiene su frase de (*certificado y jurado*).

"Dispense la molestia y tenga la bondad explicarme. Sin otro particular quedo su Atto. amigo y S. S. J. Casablanca, S. en C."

A esto contestó el árbitro tasador, insistiendo en su anterior petición, pero indicando que sería bastante con una sola certificación de cada firma, que abarcara una lista de las ventas acompañada de la factura.

Algunos días después la demandante archivó su demanda.

De la póliza en el caso Número 2826 hacemos la siguiente cita:

"Por cuanto Sra. María Teresa Rivera de Rivera, San Germán, Puerto Rico, ha satisfecho la cantidad de Treinta y dos 05/100 dollars a la Palatine Insurance Company, Limited, Londres, para asegurar contra las pérdidas o daños causados por incendio o por el rayo las propiedades que abajo se describen, sin exceder de las sumas especificadas sobre cada artículo, a saber: $4,000.00, por el término de un año, sobre las existencias de la Farmacia Rivera, consistentes de drogas, patentizados, perfumería, productos químicos y pinturas, incluyendo aparadores, mostradores, vitrinas, escritorios y demás efectos de su citada farmacia, establecida en una casa.   (describiéndose.)

"Sépase pues, que desde el día 14 de diciembre de 1920 hasta el día 14 de diciembre de 1921 a las 4 de la tarde y por todo el tiempo después en que el dicho asegurado satisfaga o haga satisfacer a debido tiempo a la Compañía el dicho premio, y que la Compañía convenga en aceptar el mismo premio, la expresada Compañía quedará sujeta a pagar al dicho asegurado, sus albaceas o administradores, todas las pérdidas y daños que sufra el mismo asegurado a causa de incendio o del rayo en los bienes antes mencionados, que no excedan sobre cada artículo de la cantidad que se declara asegurada respecto a los mismos, y que no excedan en todo de la suma de Cuatro Mil Dollars pero siempre sujeto a las condiciones y estipulaciones impresas y manuscritas en esta Póliza, y que constituyen la base de este seguro."

La póliza en el caso 2827 está en igual forma y por la suma total que en ella se indica subdividida, y comprende la propiedad especificada en estos términos:

"$3,000.00—Por el término de un año, sobre las existencias de su comercio instalado en una casa de mampostería, propiedad de Cornelio Irizarry Cancel, en la calle Ruíz Belvis, frente a la Plaza Principal No. 14, en el pueblo de San Germán, P. R.

"$1,200.00—Sobre la maquinaria para hacer calzado, movida por un motor de 2½ caballos de fuerza, instalada en el mismo local. Premio extra 1/8%.

"$1,800.00—Sobre las existencias de calzado americano y del país; pieles de todas clases, mostradores, vitrinas y aparadores. Premio 5/8%."

En cada uno de los casos la teoría que sustenta la demandante en su demanda, en todo el juicio y en apelación fué y es que el artículo 10, *supra,* no es aplicable en el caso de una pérdida total.

Pero una obligación de pagar todas las pérdidas ocasionadas por fuego que no excedan del importe por el cual se asegura cada artículo, no es una promesa de pagar una suma determinada en el caso de una pérdida total. La fraseología empleada no es el lenguaje de daños liquidados. La obligación contraída por la compañía demandada parece que se hizo constar en la forma de una póliza corriente no

valorada. Por lo menos no hay nada que indique ninguna intención de expedir una póliza valorada y por tanto no existe base para la distinción entre una pérdida parcial y una total.

"Las pólizas de incendio generalmente se redactan de modo que la responsabilidad de la compañía dependa del importe de la pérdida, el cual ha de determinarse después de que dicha pérdida ha ocurrido; y la valoración de la propiedad en la solicitud o póliza no fija la responsabilidad de la compañía aun en el caso de una pérdida total." 26 C. J. 98, sección 97.

Aquí las pólizas ni siquiera calculan el valor de la propiedad asegurada; fijan meramente un límite máximo fuera del cual el asegurador no asume ninguna responsabilidad.

En los términos en que está redactado el artículo 10, la compañía aseguradora tenía justamente derecho a alguna prueba preliminar respecto del valor de la propiedad destruída al tiempo de ocurrir el siniestro. Si por algún motivo no era conveniente dar entero cumplimiento a la petición hecha por el árbitro tasador (*adjuster*), hubiera sido cosa muy sencilla para las demandantes obtener una declaración de las personas o mercantiles adonde se hicieron las compras, creditiva de las circunstancias por razón de las cuales la información deseada no pudo suministrarse. Cualquier esfuerzo razonable para obtener los informes en cuestión, acompañado de no ser posible, de una completa manifestación de dónde, cuándo y de quién la existencia de mercancías, maquinaria, muebles y enseres fueron obtenidos, junta con una relación de los precios pagados por ellos, hubiera sido suficiente. Es muy posible que hasta con menos de eso se hubiera cumplido con la regla relativa a un cumplimiento sustancial con los requisitos estipulados respecto a la prueba de la pérdida. Pero sea esto como fuere, alguna demostración preliminar en este sentido era una condición previa para poder recobrar en una acción basada en cualquiera de las pólizas en cuestión.

Los pleitos en la fecha de la redacción de las demandas fueron prematuros y deben confirmarse las sentencias apeladas.

*Confirmadas las sentencias apeladas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de estos casos.