FRANCISCO QUIÑONES, demandante y apelado, *v.* "L'UNIÓN", demandada y apelante.

No. 3405.—*Visto:* Febrero 6, 1925. *Resuelto:* Junio 24, 1925.

1. SEGUROS—AVISO Y RECLAMACIÓN DE PÉRDIDAS—RENUNCIA A DICHOS REQUISITOS—AVISO TELEFÓNICO DEL SINIESTRO.—Cuando un agente, a quien el asegurado da aviso telefónico de un siniestro, se constituye en el lugar del mismo, dicho aviso sustituye al escrito participando dicho siniestro que éste debe dar a aquél, pero no releva al asegurado de cumplir con las demás obligaciones que le imponen las estipulaciones contenidas en la póliza.

2. SEGUROS—ACCIONES FUNDADAS EN PÓLIZAS—CUMPLIMIENTO DE LAS CONDICIONES OBLIGATORIAS PRECEDENTES—PÉRDIDA TOTAL.—Las estipulaciones en una póliza de incendio respecto a suministrar un estado de las pérdidas y una relación de los seguros existentes son condiciones obligatorias precedentes a cualquier derecho de acción, y a menos que se renuncien, el asegurado viene obligado a cumplirlas aún en el caso de una pérdida total.

3. SEGUROS—ACCIONES FUNDADAS EN PÓLIZAS—CUMPLIMIENTO DE LAS CONDICIONES OBLIGATORIAS PRECEDENTES.—Un asegurado que no cumple con las obligaciones por él aceptadas en una póliza de seguro queda privado de toda acción contra la compañía aseguradora.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Revocada,* declarándose sin lugar la demanda.

*R. Castro Fernández,* abogado de la apelante; *Rafael Rivera Zayas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En un contrato de seguro contra incendio celebrado entre las partes de este pleito la demandada aseguró una casa del demandante por $2,500 contra pérdidas o daños y se hizo constar que las condiciones impresas al dorso de la póliza serían consideradas como parte de ella. Entre esas condiciones del dorso de la póliza se halla el artículo undécimo, según el cual inmediatamente después de un siniestro que cause daños o pérdidas en los objetos asegurados por la póliza, el asegurado tiene obligación de participarlo a la compañía por escrito y de entregarle, a más tardar dentro de los quince días siguientes al siniestro o en cualquier otro plazo que la compañía le hubiere especialmente concedido por escrito, los documentos siguientes: (*a*) un estado de las pérdidas y daños causados por el siniestro indicando del modo más detallado y exacto que sea posible los varios objetos destruidos o averiados y el importe de la pérdida correspondiente, teniendo en cuenta el valor de dichos objetos en el momento del siniestro, sin comprender ganancia alguna: y (*b*) una relación detallada de todos los demás seguros que pudieran existir sobre los mismos objetos. También se dice que el asegurado viene obligado a certificar la exactitud de su reclamación y de cuantos extremos estén consignados en la misma, mediante una declaración hecha, sea bajo juramento o en cualquiera otra forma legal, y que si el asegurado no cumpliera lo dispuesto en ese artículo quedará privado de todo derecho a indemnización en virtud de la póliza.

Ocurrido un incendio en esa casa el asegurado lo comunicó a las pocas horas por teléfono al agente de la compañía aseguradora quien el mismo día se personó en el lugar del suceso y quien, según el demandante, algunos días después le manifestó que debía escribir una carta, y el asegurado, sin hacer notificación escrita a la compañía y sin ofrecer los datos requeridos por el artículo 11 citado, demandó a la compañía aseguradora para que le pagase toda la cantidad del seguro alegando la destrucción total de la casa. Opuso la demandada como una de sus defensas la falta de cumpli-

miento por el demandante del artículo 11 citado, pero la
corte inferior resolvió que no tratándose de un caso en que
se hubiesen perdido mercancías o existencias, y que siendo,
además, la pérdida total, no podía considerarse esencial el
cumplimiento de la cláusula que exige rendir una cuenta
o estado de las pérdidas o daños causados por el siniestro;
y que no existía ninguna otra póliza de seguro con referen-
cia a la casa, por lo que condenó al pago a la demandada.
Esas conclusiones se alega que son erróneas en el primer
motivo de esta apelación interpuesta por la demandada.

[1] La póliza de seguro es un contrato en el que las par-
tes que lo celebran adquieren derechos y aceptan obligacio-
nes, y habiéndose comprometido el asegurado a dar aviso
escrito del siniestro inmediatamente después de ocurrido y
de entregarle a la aseguradora dentro de los quince días si-
guientes un estado jurado de las pérdidas y daños indicando
los objetos destruidos o averiados y su importe, teniendo
en cuenta el valor de dichos objetos en el momento del si-
niestro, con una relación de los demás seguros que tuviera,
so pena de quedar privado de todo derecho de indemniza-
ción en virtud de la póliza, no podía el asegurado dejar de
cumplir esa obligación sin perder su derecho a los benefi-
cios del seguro.  Podemos admitir que el aviso telefónico
del siniestro substituyó al escrito que del mismo debía dar
al agente de la compañía puesto que él se constituyó en el
lugar del siniestro, pero no que con ese aviso quedó rele-
vado de las demás obligaciones que le impone dicho artículo;
tanto más cuanto que el mismo demandante reconoce que el
agente le pidió después que le escribiese una carta, lo que
demuestra que la compañía no renunció a los demás extre-
mos comprendidos en la cláusula citada, a pesar del aviso
telefónico comunicando el incendio.

[2] Dados los términos de la póliza y de sus condiciones,
no encontramos que la corte inferior estuviera justificada
en sostener que cuando no se trata de mercancías o cuando
la pérdida es total el asegurado no tiene que cumplir la obli-

gación que aceptó por la cláusula undécima. Esta cuestión fué resuelta por nosotros el 24 de enero de 1924 en los casos que conjuntamente resolvimos de *J. Casablanca, S. en C., y Rivera,* v. *The Palatine Insurance Co., Limited* (32 D.P.R. 678), pues considerando una cláusula igual a la presente en seguro de mercancías dijimos: "En cada uno de los casos la teoría que sustenta la demandante en su demanda, en todo el juicio y en apelación fué y es que el artículo 10, *supra,* no es aplicable en el caso de una pérdida total. Pero una obligación de pagar todas las pérdidas ocasionadas por fuego que no excedan del importe por el cual se asegura cada artículo, no es una promesa de pagar una suma determinada en el caso de una pérdida total. La fraseología empleada no es el lenguaje de daños liquidados. La obligación contraída por la compañía demandada parece que se hizo constar en la forma de una póliza corriente no valorada. Por lo menos no hay nada que indique ninguna intención de expedir una póliza valorada y por tanto no existe base para la distinción entre una pérdida parcial y una total. 'Las pólizas de incendio generalmente se redactan de modo que la responsabilidad de la compañía dependa del importe de la pérdida, el cual ha de determinarse después de que dicha pérdida ha ocurrido; y la valoración de la propiedad en la solicitud o póliza no fija la responsabilidad de la compañía aun en el caso de una pérdida total.' 26 C. J. 98, sección 97. Aquí las pólizas ni siquiera calculan el valor de la propiedad asegurada; fijan meramente un límite máximo fuera del cual el asegurador no asume ninguna responsabilidad. En los términos en que está redactado el artículo 10, la compañía aseguradora tenía justamente derecho a alguna prueba preliminar respecto del valor de la propiedad destruida al tiempo de ocurrir el siniestro." En la obra de Joyce sobre Seguros, edición segunda, sección 3275, se dice que las estipulaciones de que se dará aviso dentro de un tiempo determinado y también que se suministrará a la compañía prueba de las pérdidas

so pena de perder el seguro, son estipulaciones razonables y cuando se han insertado en la póliza o están contenidas en la carta constitutiva (*charter*) de la compañía, son condiciones obligatorias precedentes de cualquier derecho de acción a menos que sean renunciadas. En el caso de *Masino v. Farmers' & Mech. M. Insurance Co.*, Sup. Ct. Penn. 1912, 84 Atl. 406, se declaró que cuando la póliza de seguro dispone que el asegurado debe dar aviso de las pérdidas por escrito a la compañía y tal aviso no es dado, el asegurado no puede recobrar por las pérdidas sin prueba de la renuncia de ese derecho (*waiver*). En *McCormack v. N. British Ins. Co.*, 78 Cal. 468, se declaró que cuando una prueba preliminar es requisito requerido por la póliza de seguro, el asegurado debe alegar y probar que tal prueba se ha hecho o que este requisito ha sido renunciado. En 33 C. J. 8 y 74 encontramos que la prueba de las pérdidas son necesarias a pesar de que la compañía tenga conocimiento actual de las pérdidas: y que el suministrar la prueba de las pérdidas como es requerida por la póliza es una condición precedente a una acción por pérdidas, en ausencia de renuncia o impedimento (*estoppel*) que cohiba a la compañía solicitarla, y en ausencia de estatuto que releve de ella al asegurado. El caso de *Patrick v. Farmers F. Ins. Co.*, 43 N. H. 621, 80 Ame. Dec. 197, sostiene igual principio. Es cierto que en 26 C. J. pág. 378, No. 484, se dice que cuando la pérdida es total no hay necesidad de cumplir esos requisitos, pero se funda en sentencias del Estado de Pennsylvania que sostiene esa doctrina para casos de destrucción total de edificios, distinta a los demás Estados. Véase "Joyce on Insurance," sección 3338.

[3] No se trata en el presente pleito de la interpretación de cláusulas de un contrato de seguro sino sencillamente de determinar si el asegurado cumplió o nó con las obligaciones por él aceptadas y si por esto ha de sufrir las consecuencias de su conducta. Claramente no cumplió el demandante la obligación que aceptó en el artículo que he-

mos considerado y la consecuencia es que por su propio acto quedó privado de acción contra la demandada aseguradora.

*La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda.*