PEDRO CLAUSELLS, demandante y apelado, v. COMMERCIAL UNION ASSURANCE Co., demandada y apelante.

No. 3948.—*Visto:* Noviembre 30, 1926. *Resuelto:* Julio 12, 1927.

1. CONTRATOS—NATURALEZA Y REQUISITOS *(Essentials)* EN GENERAL—EN GENERAL.—En ausencia de algún principio de derecho constitucional o estatutorio de política pública o parecido, las partes pueden celebrar los contratos que tuvieren a bien.

2. SEGUROS—EXTENSIÓN DE LA PÉRDIDA Y DE LA RESPONSABILIDAD DEL ASEGURADOR—SEGURO DE PROPIEDADES Y TÍTULOS—LIMITACIÓN DE LA RESPONSABILIDAD DEL ASEGURADOR POR CLÁUSULAS EN LA PROPIA PÓLIZA—CLÁUSULAS DE SEGURO MUTUO *(Co-insurance).*—En ausencia de prohibición estatutoria, una compañía de seguros contra incendios tiene derecho, en Puerto Rico, a poner en vigor una cláusula de seguro mutuo.

3. SEGUROS—EXTENSIÓN DE LA PÉRDIDA Y DE LA RESPONSABILIDAD DEL ASEGURADOR—SEGURO DE PROPIEDADES Y TÍTULOS—LIMITACIÓN DE LA RESPONSABILIDAD DEL ASEGURADOR POR CLÁUSULAS EN LA PROPIA PÓLIZA—CLÁUSULAS DE SEGURO MUTUO *(Co-insurance).*—La sección 175 de la Ley No. 66 de 1921 (p. 649), no puede impedir ni impide a una compañía de seguros que limite su responsabilidad poniendo en vigor una cláusula de seguro mutuo.

SENTENCIA de *R. H. Todd Jr.*, J. (Ponce), declarando con lugar la demanda, sin costas. *Revocada*, dictándose otra en su lugar.

*J. H. Brown*, y *Clemente Ruiz Nazario*, abogados del apelante; *José Tous Soto*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En este caso está envuelto el derecho de una compañía de seguros contra incendio a poner en vigor en Puerto Rico lo que es conocido como cláusula de seguro mutuo. En virtud de tal cláusula una compañía de seguros limita o trata de limitar su responsabilidad en caso de pérdida parcial. A veces las compañías de seguros rehusan asumir toda la responsabilidad de la pérdida ocasionada por incendio a menos que la propiedad esté asegurada por el 75 por ciento o el 80 por ciento de su valor; en algunas ocasiones, como en la póliza que tenemos ante nuestra consideración, la cláusula en cuestión exige que el dueño tenga la propiedad asegurada por su valor total. Bajo dicha cláusula el tenedor de la póliza se convierte en un asegurador conjuntamente con la compañía de seguros. Entonces la responsabilidad de la compañía de seguros estaría

limitada a la misma parte proporcional que tendría que pagar si el total del seguro estuviese dividido entre otras compañías aseguradoras. En el presente caso la propiedad valía $4,000, fué asegurada por $2,000, la pérdida ascendió a $1,552, y la compañía demandada trató de limitar su responsabilidad a la mitad de dicha cantidad, o sea, a $776. La Corte de Distrito de Ponce dictó sentencia a favor del demandante por la suma de $1,552.

[1, 2] En apelación la compañía de seguros insiste esencialmente en que debe dársele efecto a la sección 16 de la póliza. Ésta dice así:

"Cuando en el momento de un siniestro, los objetos garantidos por la presente póliza tengan en conjunto un valor total superior a la cantidad por la que hayan sido asegurados, el asegurado será considerado como su propio asegurador por el exceso, y, por lo tanto, soportará su proporcional de perjuicios y daños. Cuando la póliza comprenda varios artículos, la presente estipulación es aplicable a cada uno de ellos por separado."

En ausencia de algún principio de derecho constitucional o estatutorio de política pública, o parecido, las partes pueden celebrar los contratos que tuvieren a bien. Artículos 4, 1058 y 1222 del Código Civil; *J. Casablanca et al.* v. *Palatine Insurance Co., Ltd.*, 32 D.P.R. 678; *Simon* v. *Queen Insurance Co.*, 120 La. 477, *infra.*

El apelado ataca la cláusula del contrato fundándose en principios de política pública y moralidad e insiste además en que dicha cláusula está en conflicto con el artículo 175 de la Ley de Seguros. Ésta es probablemente la cuestión principal en que descansan tanto la corte inferior como el apelado. Este último también sostiene que hay disposiciones inconsistentes en la póliza de seguro y en que debe dársele efecto a la parte escrita más bien que a la parte impresa de dicha póliza.

Probablemente la mejor respuesta a cualquier cuestión de moral o política pública es recurrir a las autoridades. Éstas sostienen que en ausencia de un estatuto en contrario,

contratos que limiten la responsabilidad en la forma que se ha tratado de hacer en este caso, pueden hacerse libremente. *Pennsylvania Fire Insurance Co.* v. *Moore,* 51 S. W. (Tex.) 878; *Wolf et al.* v. *Hartford Fire Insurance Co.* (Mo.) 269 S. W. 701; *Christian et al.* v. *Niagara Fire Insurance Co.* (Ala.) 14 So. 374; *Simon* v. *Queen Insurance Co.,* 45 So. 396; 120 La. 477, 14 Ann. Cas. 847; 26 C. J. 357, notas 48, 49 y 50; 14 R.C.L. 1309, párrafo 482.

En el caso de *Texas, supra,* la corte dijo, citando del caso de *Alabama, supra;* " 'No concurrimos en la proposición de que la cláusula es irrazonable e injusta y que por esta razón no debe ser sostenida.' " Entonces, hablando por sí misma, dijo: "No conocemos ninguna regla de política pública que prohiba a una compañía de seguros que limite el riesgo que está dispuesta a asumir. Sus primas, en gran parte, están reguladas por el Montante del riesgo." La corte igualmente hace la historia de estas cláusulas para demostrar que eran frecuentemente usadas por compañías de seguros marítimas.

En el caso de *Missouri, supra,* la corte indicó que tales cláusulas eran válidas, ya que siempre fueron toleradas en el derecho común.

Texas y Nueva York, por ejemplo, tienen ahora estatutos que prohiben el uso de cláusulas de seguro mutuo. Tales estatutos son las excepciones que indican la regla, según será ilustrado haciendo un examen de algunos de los casos resueltos en Texas y Nueva York. *Milwaukee Mechanics' Ins. Co.* v. *West Developing Co. et al.,* (Text.), 275 S. W. 203; *Firemen's Ins. Co.* v. *Jesse French Piano & Organ Co.* (Tex. Civ. App.), 187 S. W. 691; *Commercial Union Assurance Co., Ltd.,* v. *Preston,* 238 S. W. 326; *Durham* v. *Studyvesent Insurance Co.,* 112 Misc. (N. Y.) 440. De acuerdo con estos casos es claro que la única razón para negar el efecto de una cláusula de seguro mutuo era la existencia de un estatuto que directamente prohiba el uso de la misma.

[3] El apelado descansa en la sección 175 de la Ley de Seguros. Ésta dice:

"Será ilegal toda cláusula en un contrato de seguro que impida al asegurado el derecho de reclamar en los tribunales de justicia, en cualquier momento después de ocurrido el accidente contra el cual se hizo el seguro, el importe de cualquier pérdida sufrida y que hubiere sido objeto de dicho seguro. El tribunal determinará no sólo la responsabilidad de la compañía sino también el alcance de la pérdida.

Esta sección es una que claramente prohibe a cualquier compañía que incluya en sus pólizas cláusula alguna que impida el recurrir a las cortes o que en alguna forma demore el cobro de las mismas. La sección 175 no puede impedir ni impide a una compañía de seguros que limite su responsabilidad. En el caso de *Dragoni* v. *United States Fire Insurance Co.*, 36 D.P.R. 469, se invocó dicha sección 175 al efecto de que las compañías de seguros no podían exigir prueba de pérdida. Resolvimos lo contrario y dijimos que la limitación no era aplicable al remedio sino que impedía cualquier limitación al derecho de entablar un pleito. Es aún más aparente que, una cláusula que impida a las compañías de seguros el limitar el derecho a entablar pleitos ante las cortes, no tiene aplicación al contrato mismo. El efecto de la cláusula de seguro mutuo es simplemente decir por parte de la compañía: Si usted asegura por el valor total, nosotros le pagaremos, en caso de pérdida, el montante total de la pérdida; si usted asegura por la mitad del valor, nosotros le pagaremos cincuenta centavos por cada dólar del valor asegurado. Éste es un contrato que las partes tienen derecho a celebrar. Además, la ley dice "que hubiere sido objeto de dicho seguro." El objeto de tal seguro necesariamente es el contrato celebrado entre las partes.

No estamos seguros de que entendemos enteramente al apelado al sostener que existe un conflicto entre las distintas cláusulas de la póliza. Hallamos entera armonía entre

ellas. La compañía convino en pagar en caso de pérdida, usando las palabras apropiadas, sujeto, desde luego, a las condiciones de la póliza, y la sección 16 estaba claramente impresa en la póliza. El caso no presenta mayor dificultad que uno que limite la cantidad de gasolina, o cualquiera otra limitación impuéstale a una persona asegurada por los términos de la póliza escrita.

*La sentencia debe ser revocada y dictarse otra por la suma de $776, sin costas.*

El Juez Asociado Señor Hutchison no intervino.