TOMÁS MIRANDA JR., demandante y apelante, *v.* NATIONAL FIRE INSURANCE CO., demandada y apelada.

No. 4997.—*Sometido:* Febrero 19, 1930. *Resuelto:* Julio 10, 1930.

*V. M. Fernández* y *G. Cruzado Silva,* abogados del apelante; *O. B. Frazer & R. Castro Fernández,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Tomás Miranda, Jr. siguió un. pleito contra la compañía de seguros contra incendio National Fire Insurance Co., sobre pago de $2,000 importe de un seguro. La Corte de Distrito de San Juan, P. R., que conoció del litigio, dictó sentencia declarando sin lugar la demanda; y el demandante ha apelado ante este tribunal.

█ El primer señalamiento de error se formula así:

"La corte cometió error al declarar sin lugar la moción eliminatoria."

En la moción a que se refiere el apelante se solicitó: (a) que se eliminaran las contestaciones a los hechos tercero y cuarto de la demanda; (b) que se eliminara el juramento de la contestación.

Los hechos tercero y cuarto de la demanda contienen las alegaciones de propiedad de la casa asegurada, en la fecha del siniestro, y la descripción del mismo inmueble. La contestación a estas alegaciones se formuló así:

"3. Por no tener suficiente información para formar una creencia niega que el 24 de marzo de 1928 el demandante fuera dueño de la casa que se describe en el párrafo tercero de la demanda.

"4. Por no tener suficiente información para formar una creencia niega que el edificio descrito en la póliza de seguro se describe en la forma que se describe en el párrafo cuarto de la demanda."

Después de la decisión en el caso *Eneglotaria Medicine Co.* v. *Manuel Sosa López,* 38 D.P.R. 604, nadie puede sostener que una contestación en la que se alega "no tener *suficiente* información para formar una creencia" sea buena en ley de procedimientos. La suficiencia de la información es algo que resulta del juicio del que contesta, y a ese juicio no debe venir sujeto el demandante.

Pero, ¿qué resultado tendría para las partes en el caso que permanecieran las alegaciones tercera y cuarta de la demanda como no contestadas, y aun más, como admitidas?

El que el hecho de la propiedad de la finca, y su descripción, fueran incontestables o indisputables en el caso. Esto sería todo. Pero el fundamento de la sentencia nunca podría serlo, por sí solo, ese hecho de la propiedad de la finca; son varios elementos que entran en la decisión, y aquél no es único.

Dando por sentado que esos dos hechos fueran admitidos, como se trata de un contrato de seguro, es de necesidad ver si los hechos esenciales de ese contrato, y los relativos a su infracción o violación, se encuentran en el mismo caso.

En cuanto al contrato de seguro, está admitida su existencia, pero se alega que se encuentra sujeto a determinadas condiciones que no se han cumplido por el demandante, y que le privan de percibir indemnización alguna (alegaciones quintas de la demanda y de la contestación). En cuanto al aviso del siniestro, se alega en la demanda, y se niega en la contestación, que se diera en la fecha del incendio, admitiendo la demandada que en 28 de marzo de 1928 recibió aviso escrito del incendio, enviado por el demandante. En cuanto al hecho alegado en la demanda, de que la demandada simuló enviar al demandante un modelo para reclamación, la demandada lo niega, y alega haber enviado los modelos en 29 de marzo de 1928.

A más de esto, la demandada presentó defensas especiales, entre ellas la de que era condición del contrato de seguro que al ocurrir cualquier daño o pérdida, el asegurado debía, dentro de los quince días siguientes al suceso, notificar a la aseguradora, por medio de reclamación escrita y jurada, conteniendo la relación de la propiedad perjudicada o destruída, extensión y valor de la pérdida, detalles de otros seguros, y que de no hacerlo así, el asegurado perdía el derecho a la indemnización; y que el asegurado no envió tal notificación escrita y jurada en fecha alguna anterior al 4 de junio de 1928, fecha en que la remitió, y la demandada la recibió bajo un pacto de *non-waiver,* y que no había concedido al demandante prórroga alguna a ese fin.

Las negociaciones a que nos referimos, se hacen, no bajo la fórmula de falta de información y creencia, sino de una manera final; y lo mismo las alegaciones de las defensas especiales. Y sobre ellas se levanta una cuestión a decidir por la corte. Así, la resolución dada a la moción eliminatoria, no afecta al caso en su fondo, ni a los derechos esenciales de las partes; y por ello no la consideramos como error que pueda producir la revocación.

En cuanto a la eliminación del juramento, tampoco hubo error en la resolución. Probablemente no se podría tener el juramento de que se trata como el mejor hecho; pero en la contestación se establecen con bastante separación las alegaciones por información y creencia, y las que no lo son, y el juramento es bastante como está.

■ El segundo señalamiento de error se refiere a que la corte no dictó sentencia por las alegaciones.

Aunque se tuviera por decidido que la demandada admitió los hechos alegados en la demanda bajo los números 1, 2, 3, 4, 5 y 6, esto es, los que se refieren a personalidad de las partes, propiedad y descripción de la finca asegurada, existencia del contrato de seguro, acaecimiento del incendio, la demandada negó el hecho 7, o sea que se le diera aviso por el demandante en la fecha del siniestro, y negó asimismo que hubiera simulado el envío de los blancos para reclamación, alegando que los envió; y en una de sus defensas especiales alegó positivamente que el demandante no había cumplido con la condición del contrato relativa a la reclamación, especificación y prueba de pérdidas, en el término fijado en aquél. En esas condiciones, la corte no podía dictar sentencia sobre las alegaciones, con hechos en controversia, y aprobar en el juicio.

■ El tercer señalamiento de error aparece del alegato en la siguiente forma:

"La corte cometió error al no dar por admitidos los hechos tercero. cuarto y sexto de la demanda."

Como queda apuntado, esos hechos de la demanda se refieren a la propiedad de la finca urbana, descripción de la misma, y al incendio y destrucción de la finca.

Examinando la opinión rendida por la corte, hallamos que tuvo por probado que Tomás Miranda, Jr., el demandante, era dueño de la casa que en la demanda se describe, y que la finca quedó destruída por incendio en la fecha que se señala. A esto podía aspirar el demandante, en cuanto a sus alegaciones tercera, cuarta y sexta, fuera por admisión, o por otra clase de prueba.

■■ El cuarto error se refiere a la apreciación de la prueba. No se alega que el juez procediera por pasión, prejuicio, o parcialidad, ni que se trate de un manifiesto, patente, error.

Hemos visto la transcripción de la evidencia. Las conclusiones a que llegó la corte son razonables y correctas.

El asegurado debe, cumpliendo con la cláusula décima de su contrato, enviar a la aseguradora, dentro de los quince días de ocurrido el siniestro, una reclamación escrita por la pérdida sufrida, relato minucioso de los artículos o bienes destruídos o dañados, y extensión de la pérdida o daño, etc.

El demandante arguye que él no recibió de la compañía los blancos para la reclamación. Esto no es un argumento, o una excusa. La compañía aseguradora no tiene el deber de suministrar los blancos, como obligación que surja del contrato; así como el asegurado no tiene el deber de usar precisamente los blancos o fórmula de una compañía, que no puede legalmente exigirle que los use, a falta de pacto en ese sentido. Una notificación estableciendo bajo juramento los datos que se detallan en la correspondiente cláusula del contrato, es suficiente para cumplir con éste.

Se cita el caso *Quiñones* v. *L'Union,* 34 D.P.R. 407. En ese caso la doctrina legal es tan clara, que no puede establecerse la más leve duda. Tomamos el siguiente párrafo:

"La póliza de seguro es un contrato en que las partes que lo celebran adquieran derechos y acepten obligaciones, y habiéndose com-

prometido el asegurado a dar aviso escrito del siniestro inmediatamente después de ocurrido y de entregarle a la asegurada dentro de los quince días siguientes un estado jurado de las pérdidas y daños indicando los objetos destruídos o averiados y su importe, teniendo en cuenta el valor de dichos objetos en el momento del siniestro, con una relación de los demás seguros que tuviera, so pena de quedar privado de todo derecho de indemnización en virtud de la póliza, no podía el asegurado dejar de cumplir esa obligación sin perder su derecho a los beneficios del seguro. Podemos admitir que el aviso telefónico del siniestro substituyó al escrito que del mismo debía dar al agente de la compañía puesto que él se constituyó en el lugar del siniestro, pero no que con ese aviso quedó relevado de las demás obligaciones que le impone dicho artículo, tanto más cuanto que el mismo demadante reconoce que el agente le pidió después que le escribiese una carta, lo que demuestra que la compañía no renunció a los demás extremos comprendidos en la cláusula citada, a pesar del aviso telefónico comunicando el incendio.''

Apreciada en conjunto la prueba, aparece que el demandante, por cualquier razón, dejó de cumplir con la obligación de reclamar notificando, de acuerdo con las cláusulas del contrato, y en el término por las mismas fijado. La falta de cumplimiento de esa obligación, exime a la aseguradora del pago del seguro; esto es lo contratado, según aparece de la misma póliza.

En la apreciación de la prueba, no hubo error de la corte.

*Por las razones expuestas debe confirmarse la sentencia apelada.*